UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | * | CRIMINAL NO. 6:08-0205 |
| --- | --- | --- |
| | | CIVIL NO. 6:13-1986 |
| VERSUS | * | JUDGE DOHERTY |
| HAROLD JEREMAINE GUIDRY | * | MAGISTRATE JUDGE HILL |

REPORT AND RECOMMENDATION[1]

Pending before the undersigned for Report and Recommendation is the Motion to Vacate filed pursuant to 28 U.S.C. § 2255 by *pro se* petitioner, Harold Jeremaine Guidry ("Guidry"). [rec. doc. 677]. The Government has filed a Memorandum in Opposition. [rec. doc. 682].

By this Motion, Guidry seeks re-sentencing under the penalty provisions of 21 U.S.C. § 841, as amended by the Fair Sentencing Act of 2010 ("FSA"), because the FSA has recently been held applicable to defendants who committed a crack cocaine offense before August 3, 2010, who were sentenced after August 3, 2010, the effective date of the Act. *Dorsey v. United States*, - - U.S. - - , 132 S.Ct. 2321, 183 L.Ed.2d 250 (2012). The government does not contest that Guidry's *Dorsey* claim under the FSA can be considered in this § 2255 Motion.

For the following reasons, the undersigned recommends that the instant § 2255 Motion be **DENIED.**

---

[1] The Report and Recommendation issued by the undersigned herein has been filed under seal because it is based, in part, on matters which are currently under seal. This redacted Report and Recommendation is filed in the public record after redaction of those matters still under seal.

## STATEMENT OF CLAIM

On September 9, 2008, Guidry was named in a multi-count superceding indictment. [rec. doc. 97]. On September 16, 2009, he pleaded guilty to Count One of the Superceding Indictment which charged Guidry with Conspiracy to Possess with Intent to Distribute cocaine, 50 grams or more of Cocaine base (crack) and other controlled substances, from November 1, 2005 to August 21, 2008, in violation of 21 U.S.C. § 846, 841(a)(1) and (b)(1)(A), thereby triggering a pre-FSA statutory mandatory minimum sentence of ten years (120 months) imprisonment, if Guidry had no prior felony drug convictions. [rec. doc. 334 and 335].

By Stipulated Factual Basis, Guidry admitted that throughout the course of the conspiracy he and his associates were involved with more than 5 kilograms of cocaine, a portion of which was converted into more than 50 grams of cocaine base. [rec. doc. 335-2].

Because Guidry had previously been convicted of at least one prior felony drug offense, the government filed an information of prior conviction, thereby triggering a pre-FSA enhanced statutory mandatory minimum sentence of twenty years (240 months) imprisonment. [rec. doc. 245; 21 U.S.C. § 841(b)(1)(A); *see also* rec. doc. 335-1 (Affidavit of Understanding of Maximum Penalty)].

## REDACTED

The United States Probation Office prepared a revised Pre-Sentence Investigation Report ("PSI") on December 10, 2009 (prior to the time that the government withdrew its

information of prior conviction) utilizing the November 1, 2009 edition of the United States Sentencing Commission Guidelines. [rec. doc. 632, ¶ 15]. The PSI noted that the applicable statutory penalty was ten years to life, enhanced to twenty years to life due to Guidry's prior felony drug conviction. [rec. doc. 632, pg.1 and ¶ 61].

## REDACTED

The PSI determined that Guidry should be held accountable for at least 4,950 grams of cocaine and 50 grams of cocaine base [*Id.* at ¶ 16], which converted to 1,990 kilograms of marijuana [[*Id.* at 17-18]*,* that based on this amount his total offense level was 27 (base offense level of 30, less a three level decrease for acceptance of responsibility) [*Id.* at ¶ 18, 24, 25] and that his criminal history placed him in Category V [*Id.* at ¶ 40].

However, because Guidry had at least two prior qualifying felony convictions, Guidry was deemed a career offender pursuant to § 4B1.1(a). [*Id.* at ¶ 26]. Therefore, pursuant to § 4B1.1(b)(A), because Guidry's statutory maximum for the offense was life, Guidry's base offense level was raised to 37, less a three level decrease for acceptance of responsibility, for a total offense level of 34. [*Id.* at ¶ 26-28]. His criminal history Category was additionally raised to Category VI pursuant to § 4B1.1(b). [*Id.* at ¶ 40]. Guidry's career offender total offense level of 34 and his career offender criminal history Category VI, established a Guidelines range of 262 to 327 months (21 years ten months to 27 years 3 months) imprisonment. [*Id.* at ¶ 62].

Guidry was sentenced on November 30, 2011. [rec. doc. 623]. At sentencing, the Court accepted that Guidry was subject to the pre-FSA statutory ten year mandatory minimum sentence. However, the Court sentenced Guidry based on his status as a career offender. [rec. doc. 625, at ¶ III].

**REDACTED**

At sentencing, defense counsel argued for a below Guideline sentence in the range of 90 to 120 months imprisonment. [rec. doc. 695, pg. 13-15]. The government recommended 131 months imprisonment, which was 50% below the bottom of the Guidelines range. [*Id.* at pg. 15]. In imposing sentence, the Court considered the fact that Guidry had been dealing drugs since he was 14 years old, his numerous convictions including his involvement in violent matters which indicated a propensity for violence, that the offense was committed while another sentence was outstanding and within two years of his release from imprisonment, his three children from three different mothers, that he was in arrears on his child support payments, and numerous arrests which indicated the Guidry was continuing in the criminal drug life and that Guidry was a risk to the public. [*Id.* at 16-23].

**REDACTED**

Guidry did not directly appeal his conviction or sentence. The instant § 2255 motion was filed on June 20, 2013, within one year from the Supreme Court's decision in *Dorsey*.

## LAW AND ANALYSIS

In his Motion, Guidry argues that this Court sentenced him based on the pre-FSA statutory mandatory minimum sentence of ten years (120 months) imprisonment, instead of the statutory mandatory minimum sentence of five years (60 months) under the FSA. He therefore seeks re-sentencing. The government opposes the Motion arguing that because Guidry's sentence does not exceed the lower statutory maximum under the FSA and there is no indication that the Court would have imposed a lesser sentence had the Court applied the FSA, rather than the pre-FSA mandatory sentences, re-sentencing is unnecessary in this case. For the reasons which follow, the undersigned agrees.

Federal statutes impose mandatory minimum prison sentences upon those convicted of federal drug crimes. These statutes typically base the length of a minimum prison term upon the kind and amount of the drug involved. Until 2010, the relevant statute imposed upon an offender who dealt in powder cocaine the same sentence it imposed upon an offender who dealt in one-one-hundredth that amount of crack cocaine. *Dorsey*, 132 S.Ct. at 2327.

The Guidelines determine most drug-crime offense levels in accordance with a Drug Quantity Table that lists amounts of various drugs and associates different amounts with different "Base Offense Levels" (to which a judge may add or subtract levels depending upon the "specific" characteristics of the offender's behavior). *Id.* at 2327 *citing* USSG § 2D1.1. The applicable Guidelines are the ones in effect on the date the defendant is sentenced. *Id.* at 2331 *citing* 18 U.S.C. § 3553(a)(4)(A)(ii).

The federal sentencing statutes interact with the Guidelines; a sentencing judge must sentence an offender to at least the minimum prison term set forth in a statutory mandatory minimum.  *Id.* at 2327 (citations omitted).  Therefore, the Drug Quantity Table of the Guidelines (set forth in § 2D1.1) incorporates the statutory minimums to set a base offense level for a first-time offender that corresponds to the lowest Guidelines range above the applicable mandatory minimum and, additionally, sets offense levels for smaller drug amounts that do not trigger the mandatory minimums so that the resulting Guidelines sentences would remain proportionate to those sentences for amounts that do trigger these minimums.  *Id*. at 2327-2328.

On August 3, 2010, Congress enacted the FSA reducing the crack-to-powder cocaine disparity from 100–1 to 18–1.  *Id.* at 2329 *citing* 124 Stat. 2372.  The amount of crack triggering the 5 year mandatory sentence was changed from 5 grams to 28 grams; the trigger amount for the mandatory 10 year sentence was changed from 50 grams to 280 grams.  *Id*.  Thus, the FSA increased the quantity of drugs necessary to trigger the statutory mandatory minimum sentences for cocaine base ("crack") offenses from 5 grams to 28 grams for the 5 year minimum sentence under § 841(b)(1)(B), and from 50 grams to 280 grams for the 10 year minimum sentence under § 841(b)(1)(A).

The Act also directed the Sentencing Commission to make "conforming amendments" to the Guidelines "as soon as practicable", but no later than 90 days after the FSA effective date.  *Id.*  The Sentencing Commission complied, issuing "emergency amendments" to the Guidelines, including a revised Drug Quantity Table in § 2D1.1.  These emergency amendments became effective on November 1, 2010 and are contained

in the November 1, 2010 Supplement to the 2010 Guidelines Manual. *Id.* at 2329 *citing* 75 Fed. Reg. 66188 (2010).

In general, the applicable statutory penalty provision is determined by the date the criminal conduct is committed. *Id.* at 2331. However, on June 21, 2010, the Supreme Court held in *Dorsey* that the more lenient statutory penalty provisions of the FSA apply to defendants who committed a crack cocaine offense before August 3, 2010, who were sentenced after August 3, 2010, the effective date of the Act. *Dorsey*, 132 S.Ct. at 2331.

In this case, Guidry is correct that under *Dorsey* the FSA applies to his sentence. His criminal conduct pre-dated August 3, 2010, the effective date of the Act, and he was sentenced on November 30, 2011, after the effective date of the Act. He is also correct that under the FSA he would not have been subject to the pre-FSA ten year to life statutory mandatory minimum and maximum sentence set forth in § 841(b)(1)(A) which was accepted by the Court.[2] Rather, based on the indictment and stipulated quantity of drugs with which Guidry was involved, under the FSA, Guidry would have been subject to the statutory mandatory minimum of five years to a maximum of forty years imprisonment set forth in § 841(b)(1)(B).

The record demonstrates that Guidry's sentence was not based on the quantity of drugs for which he was held accountable; his sentence was based on his status as a career offender. The career offender Guideline ties the applicable offense level to the statutory maximum sentence for the offense. USSG 4B1.1(b). Under the FSA, the statutory maximum applicable to Guidry should have been forty years imprisonment, which results

---

[2] *See* fn. 1 *supra*.

in a lower base offense level of 34, less a three level decrease for acceptance of responsibility, for a lower total offense level of 31. Guidry's career offender total offense level of 31 and his career offender criminal history Category VI, under the amended Guidelines which incorporate the statutory reduction intended to reduce the ratio of crack cocaine to powder cocaine to an 18:1 ratio, establishes a lower Guidelines range of 188 to 235 months imprisonment.

Guidry was sentenced well below this range to 131 months imprisonment, which is far above the FSA statutory 5 year minimum and far below the FSA 40 year statutory maximum.

**REDACTED**

Under similar circumstances, the Fifth Circuit has denied re-sentencing under *Dorsey*. *United States v. Neal,* 509 Fed. Appx. 302, 312-313 (5th Cir. 2013) (denying a claim for re-sentencing under the FSA because the defendant's sentence did "not exceed the lower statutory maximum under the FSA, and there is no indication in the record that the district court would have imposed a lesser sentence had the lower statutory minimum and maximum sentences of imprisonment been in place at the time of sentencing."); *United States v. Bates*, 515 Fed. Appx. 265, 266, 2013 WL 703324, 265-266 (5th Cir. 2013) (rejecting a claim for re-sentencing in light of *Dorsey* where the trial court supported its 10 year sentence with reasons independent of any mandatory minimum); *see also United States v. Bennett*, 485 Fed. Appx. 673, 675 (5th Cir. 2012); *See also United States v. Thomas*, 488 Fed. Appx. 440, 450-451 (11th Cir. 2012) (holding that a sentence which fell between the FSA statutory minimum and maximum was harmless where the

record before the Court also demonstrated that the Court would have imposed the same sentence absent error).

Simply put, the record clearly establishes that Guidry's sentence was not based on the pre-FSA ten year mandatory minimum sentence and that the Court would not have imposed a different sentence had it known that the statutory changes effected by the FSA applied to Guidry's offense. Thus, even though the Court failed to recognize the retroactive applicability of the FSA in determining Guidry's sentence, he is entitled to no relief.

## CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that the instant § 2255 Motion be **DENIED.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except**

**upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, August 14, 2014.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE